Maud P. Gibbs, Respondent, v. The J. M. Horton Ice Cream Company, Appellant.— Judgment affirmed on the opinion of Mr. Justice Wilmot M. Smith, at Special Term, with costs. All concurred. The following is the opinion of Smith, J., delivered at Special Term:

SMITH, J.: The first question to be determined is: Was the oral agreement made between plaintiff and defendant as claimed by the plaintiff in her complaint? There is a sharp conflict of evidence between the plaintiff and the defendant's superintendent upon this point. Without imputing to Mr. Stewart the intention of telling anything but the truth concerning the transaction, I am, nevertheless, convinced that the agreement was made at the time and substantially as claimed by the plaintiff. She is a woman who is engaged in business for herself. She had no person to rely upon to look out for her interest. It was, therefore, natural that she should be anxious to be assured as to tenure of the place where she had been doing business for so long a time. It was also natural that she should remember clearly the details of the agreement. The agreement was void under the Statute of Frauds. Are the circumstances such that the plaintiff is entitled to its specific performance in equity? First, she has paid her rent regularly up to the time defendant sought to dispossess her. She remained in possession under the agreement for some months, and by virtue of the agreement she has made valuable repairs on the premises, which would not have been made except for the agreement. It is settled that the payment of the consideration of an alleged contract is not alone sufficient to authorize its specific performance, but it is also a general rule that when the consideration has been paid and possession under the contract taken the contract will be specifically enforced, and, to take the case out of the rule, the circumstances must be peculiar and exceptional. (*Dunckel* v. *Dunckel*, 141 N. Y. 435; *Pawling* v. *Pawling*, 86 Hun, 503; affd., 150 N. Y. 574.) In this case the plaintiff did more than to pay rent and take possession. She expended considerable upon improvements of that character of permanency that she would not have made except upon reliance upon the agreement. Upon this state of facts, I think under the authorities the plaintiff has made out a case entitling her to the relief demanded in the

complaint. (*Freeman* v. *Freeman*, 43 N. Y. 34; *Miller* v. *Bail*, 64 id. 286.) Judgment is directed for the plaintiff, with costs.

Nicholas Collins, Appellant, v. New York Post Graduate Medical School and Hospital, Respondent.—Motion for leave to appeal to the Court of Appeals granted.

Robert J. Smith, Respondent, v. Lidgerwood Manufacturing Company, Appellant.—Order amended so as to add to the condition for the new trial the payment of the costs of the appeal from the judgment to this court.

Samuel I. Campbell (Genie H. Campbell), Respondent, v. Albert Friedlander and Another, Appellants. — Motion granted and order resettled.

Thomas F. Stoothoff, Respondent, v. The Brooklyn Heights Railroad Company, Appellant. — Motion for reargument and for leave to appeal to the Court of Appeals denied.

William J. Cruikshank, Respondent, v. Press Publishing Company, Appellant. — Motion for leave to appeal to the Court of Appeals denied.

Martha Dorlon Lowe, Respondent, v. Press Publishing Company, Appellant.—Motion for leave to appeal to the Court of Appeals denied.

Ottilie Marie Steinway and Others, by Ottilie C Recknagel, their Guardian ad Litem, Respondents, v. Louis von Bernuth, as Executor, etc., of George A. Steinway, Deceased, and Others, Appellants.— Motion for leave to appeal to the Court of Appeals granted, and the respective counsel are directed to appear before Mr. Justice Jenks, at the justice's room, on the sixth day of May, at ten o'clock A. M., to settle the question to be certified to the Court of Appeals.

Sarah E. Durbrow, Respondent, v. Archibald Gracie, Appellant.— Judgment of the Municipal Court affirmed, with costs. No opinion. All concurred.

Emil J. Laufer, Appellant, v. Union Railway Company, Respondent. — Judgment of the Municipal Court affirmed by default, with costs.

Jacob Meurer and Andrew Meurer, Respondents, v. Mapes-Reeve Construction Company and Ernest Kuhnla, Appellants.— Judgment of the Municipal Court affirmed by default, with costs.

In the Matter of the Application of William B. Brewster for Admission to the Bar.—Application granted,

In the Matter of the Application of Mary J. Westerfield and Flora E. Rogers for an Intermediate Accounting by the Trustees under the Last Will and Testament of Jason Rogers, Deceased.— Motion for a direction at foot of order of April 25, 1899, that William Shillaber, Jr., pay all further moneys upon the indebtedness of Thomas Rogers to the principal trust and not to the petitioners denied, with ten dollars costs and disbursements. All concurred.

In the Matter of the Application of A. Russell Peabody, an Attorney and Counselor of all Courts of Record of Tennessee, to be Admitted and Licensed, without an Examination, to Practice as an Attorney and Counselor in the Courts of the State of New York.—Application granted.

Katie Delaney, Appellant, v. Charles Levy, Respondent.— Motion for reargument or for leave to appeal to the Court of Appeals denied.

George M. O'Connor, Respondent, v. Hugh Green and Others, Appellants. — Motion for leave to appeal to the Court of Appeals denied.

Sol Bernstein, Respondent, v. George Gans and John H. Gass, Appellants, Impleaded with

Frederick Johnson and Others, Defendants. —Interlocutory judgment affirmed, with costs. No opinion.

The People of the State of New York, Appellant, v. Frederick H. Lurs, Respondent.— Judgment of the Municipal Court affirmed, with costs. No opinion. All concurred.

The Long Island Railroad Company, Respondent, v. Rosa Eichkern and Minnie Michrowitch, Appellants, Impleaded with Another.— Final order affirmed, with costs. Appeal from interlocutory judgment dismissed, without costs. No opinion. All concurred, except Jenks, J., not sitting.

Katharina Schwarzbart, as Administratrix, etc., of Joseph Schwarzbart, Deceased, Appellant, v. New York Sugar Refining Company, Respondent. — Judgment and order unanimously affirmed, with costs. No opinion.

Philip Von Hagen, Respondent, v. Waterbury Manufacturing Company, Appellant.—Judgment and order affirmed, with costs. No opinion. All concurred.

William C. Jones, Appellant, v. Frank Seaman and William C. Smith, Respondents.— Order, so far as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. All concurred.